UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GLENN BRIGHAM,

      PLAINTIFF,                                     CASE NO.: 22-2416

V.

DALTON & SONS PAINTING LLC,

      DEFENDANT.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW GLENN BRIGHAM (hereafter, "Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint against DALTON & SONS PAINTING LLC ("Defendant") and alleges as follows:

### INTRODUCTION

1. This action involves claims of sexual harassment and retaliation against Defendant as an Employer and is brought by Plaintiff as a former employee.

2. Plaintiff brings this action against Defendant, his former employer, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and its implementing Regulations and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended (the "FCRA"), § 760.01 *et seq*., Florida Statutes, seeking to recover damages for Defendant's unlawful sexual harassment and retaliatory discharge.

### JURISDICTION, VENUE, AND PARTIES

3. This action arises, in part, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.,* as amended by the Civil Rights Act of 1991. This Court has jurisdiction to grant relief pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4) and 29 U.S.C. § 1001*et*

*seq.* This Court is vested with jurisdiction to order an injunction, back pay, front pay, or any other equitable relief as may be proper, and compensatory and punitive damages, attorneys' fees, and costs pursuant to 42 U.S.C. § 1981a and 2000(e)-5(g).

4.  Venue is proper in the Orlando Division of the Middle District of Florida pursuant to 42 U.S.C. § 2000(e)-5(f) (3) and 28 U.S.C. § 1391 (b) and (c) because the unlawful employment practices were committed within this judicial district.

5.  Plaintiff is an individual who resided in Orange County, Florida, during the time of his employment with Defendant and all material times herein.  He is male and is protected from sexual harassment discrimination in employment under Title VII.  At all material times herein, Plaintiff was employed by Defendant.

6.  Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a), and the FCRA, § 760.02(6), Florida Statutes. Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a), in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers."

7.  Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b), and § 760.02(7), Florida Statutes. Defendant is an "employer" as defined by 42 U.S.C. § 2000e(b) because Defendant is a person engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

8. At all times material herein, Defendant was, and is, an employer within the meaning of Title VII and the FCRA.

9. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

10. Thus, Defendant is liable under Title VII and the FCRA for the unlawful discrimination, harassment, hostile work environment, and retaliation to which it subjected Plaintiff as alleged herein.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

11. Plaintiff timely dual filed a charge of discrimination on September 22, 2021 with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations (FCHR) alleging discrimination based on sexual harassment.

12. This action is filed within ninety (90) days of Plaintiff's receipt of his Notice of Right to Sue, dated October 14, 2022, from the U.S. Equal Employment Opportunity Commission.

13. Further, more than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. *See* §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

14. All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

15. Plaintiff is male.

16. Plaintiff began working as a Painter for Defendant in October of 2019.

17. From Plaintiff's second day of employment through his termination, Plaintiff was subject to sexual harassment from employees of Defendant, including but not limited to his supervisors, Juan and Julio.

18. Plaintiff's supervisors and coworkers regularly made statements that he was going to have sexual intercourse with Plaintiff and described in graphic detail the associated acts.

19. Greg Dalton, the owner of the Defendant, was made aware of the sexual harassment but told Plaintiff he needed thicker skin. Defendant and Mr. Dalton took no action whatsoever to address Plaintiff's concerns.

20. On September 8, 2021, Julio and other coworkers were pointing and laughing at Plaintiff while speaking Spanish. Plaintiff asked what they were saying. Plaintiff learned that Julio and other employees were saying that Plaintiff liked "dick milk." After work on September 8, 2021, Plaintiff told Julio that he was going to report this sexual harassment to Greg Dalton. Plaintiff further indicated he was going to get an attorney to represent him in a case against the Defendant for sexual harassment.

21. On September 9, 2021, Plaintiff was terminated for reporting sexual harassment and suggesting that he would hire an attorney to bring a lawsuit for sexual harassment.

### COUNT I - VIOLATION OF TITLE VII & FCRA
### (HOSTILE WORK ENVIRONMENT)

22. Plaintiff realleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 20 of this Complaint.

23. The actions of Defendants by and through the conducts of its agents, more particularly described in the General Allegations section herein, constituted unlawful sexual harassment and sex-based discrimination.  The Defendant tolerated and condoned this discriminatory environment.

24. By creating an offensive work environment for Plaintiff, Defendant's agents, employees, managers and/or supervisors discriminated against her with respect to a "term, condition, or privilege" of employment under 42 U.S.C. 2000e-2(a)(1).

25. The conduct of Defendant, by and through the conduct of its agents, employees, managers and supervisors, and its failure to investigate and to take prompt, remedial action to prevent continued harassment of Plaintiff, deprived Plaintiff of his statutory rights.

26. The actions of Defendants, by and through its agents, employees, managers, and supervisors, were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to compensatory and punitive damages to punish Defendants for its actions and to deter it and others from such action in the future.

27. The actions of Defendant, by and through its agents, employees, managers, and supervisors, make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

28. As a direct, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff requests trial by jury of all issues so triable as of right demands judgment against Defendant and in favor of Plaintiff, and respectfully requests that this Court award Plaintiff any and all damages available under Title VII & FCRA, including, but not limited to, the damages set forth above, front pay in lieu of reinstatement, back pay,

compensatory damages, punitive damages, prejudgment interest, attorneys' fees, and costs of this action, and grant Plaintiff such other relief as this Court deems just and proper.

## COUNT II– VIOLATION OF TITLE VII & FCRA
## (RETALIATION)

29. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21, as set forth above.

30. Plaintiff's reporting of sexual harassment on September 8, 2021, under constitutes protected activity under Title VII and the FCRA.

31. Defendants, by and through its agents, employees, managers, and supervisors, unlawfully retaliated against Plaintiff because he engaged in the protected activity.

32. The actions of Defendant, by and through its agents, employees, managers, and supervisors, make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

33. The actions of Defendant and/or its agents, employees, managers and supervisors were willful, wanton, intentional and with malice or with reckless indifference to Plaintiff's federally and state-protected rights, entitling Plaintiff to damages in the form of compensatory and punitive damages to punish Defendants for these actions and to deter it, and others, from such actions in the future.

34. As a direct, proximate and foreseeable result of Defendant' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff requests trial by jury of all issues so triable as of right demands judgment against Defendant and in favor of Plaintiff, and respectfully requests that

this Court award Plaintiff any and all damages available under Title VII & FCRA, including, but not limited to, the damages set forth above, front pay in lieu of reinstatement, back pay, compensatory damages, punitive damages, prejudgment interest, attorneys' fees, and costs of this action, and grant Plaintiff such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

35. Plaintiff, by and through his undersigned attorney, hereby demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by jury in this action.

Respectfully submitted: this 29th day of December 2022.

By: /s/ Frank M. Malatesta, Esq.
FRANK M. MALATESTA, ESQUIRE
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256-3812
Facsimile No.: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*